KEVIN DOLAN, an Infant, by His Guardian ad Litem THOMAS DOLAN, Respondent, et al., Plaintiff, *v.* CITY OF NEW YORK, Appellant.

First Department, March 25, 1958.

*Eugene J. Keefe* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*Melvin D. Freidel* of counsel (*David Sherman,* attorney), for respondent.

*Per Curiam.* In this personal injury action, the defendant appeals from a judgment entered in favor of the infant plaintiff after a verdict by a jury. The child, about four and a half years of age, was injured when he fell from a device called a " jungle jim " or " monkey bars ", designed for use by younger children and located in a public playground maintained by the city. He had gone there in the custody of his nine-year-old sister. After the youngster had grasped the bar nearest the ground, he started to climb to the rung above and in the process fell to the ground. The first bar was two or two and one-half feet from the ground and the second about 18 inches above it.

The record is devoid of any proof from which it may be inferred that this stationary appliance was inherently dangerous, or that any similar accident had previously occurred. Conversely, the proof is uncontradicted that the same kind of apparatus was generally used in playgrounds throughout the city.

The plaintiffs proceeded upon the erroneous assumption that the device was inherently dangerous for a child of this age, and that, in the exercise of reasonable care, the defendant was required to provide an attendant or supervisor " to protect such young children against the dangerous use of the jungle jim or monkey bars."

Essentially, the plaintiffs contended that an attendant should have been stationed in such proximity to the apparatus as to prevent the accident. We cannot subscribe to so rigid a requirement, for it would be unreasonable. (*Peterson* v. *City of New York,* 267 N. Y. 204.) To hold that the city must provide an attendant at each piece of apparatus maintained for the use of children in public playgrounds would impose much too

oppressive a measure of responsibility, and would require a degree of care far beyond that which we conceive to be reasonable. Moreover, no inference may properly be drawn from the testimony that the accident could have been avoided by supplying such close supervision, unless, of course, the supervisor physically prevented the infant from using the apparatus.

Having been tried upon the theory that this piece of equipment was inherently dangerous, the case was submitted to the jury upon a charge that " the first question for you to determine is whether or not the jungle jim * * * was inherently dangerous for use by children four and a half years old. * * * If you find the jungle jim or monkey bars were not so inherently dangerous, then your verdict shall be for the defendant, the City of New York." Later, in response to a request, the court stated, " The question of general supervision of the playground is not in issue in this case." To these instructions by the court, the plaintiffs fully subscribed.

The plaintiffs have placed great reliance upon the case of *Riggi* v. *Village of Le Roy* (276 App. Div. 944, affd. 301 N. Y. 735). There the playground was closed after the summer and the attendants were withdrawn, but its gates were left open and children could freely wander in and use whatever equipment was available. The issues were submitted to the jury, without objection by the defendant, upon a charge that the village was bound to use reasonable care to see that the playground premises were safe and that the apparatus was reasonably guarded and unusable by children when supervision was suspended. That case has no applicability here for the question involved was essentially one relating to general supervision rather than to the dangerous character of the device.

The plaintiffs have failed to establish a cause of action upon the issues tendered herein. Under the circumstances, the judgment should be reversed and the complaint dismissed upon the facts and the law, with costs.

BREITEL, J. P., RABIN, FRANK, McNALLY and STEVENS, JJ., concur.

Judgment unanimously reversed upon the facts and upon the law, and the complaint dismissed, with costs to the appellant, and judgment is directed to be entered in favor of the defendant dismissing the complaint, with costs.